## ELKINS *v.* THE BOSTON AND MAINE RAILROAD.

Where an agent, without disclosing the name of his principal, makes a contract with a common carrier to transport the property of the principal, the latter may maintain an action in his own name against the carrier, to recover damages for the loss of the property.

Where the bailee of property delivers it to a carrier for transportation, either the bailee or the bailor may maintain an action against the carrier for the loss of the property.

A third person rolled up the plaintiff's coat in a bundle with his own coat, and placed his own name and address upon the bundle, and delivered it to the defendants, who were common carriers, for transportation. *Held*, that the plaintiff might maintain an action against the defendants to recover damages for the loss of his coat.

ASSUMPSIT. The declaration alleged that on the twenty-first of April, 1847, the defendants were common carriers of goods for hire from Andover, Mass., to Exeter; that the plaintiff delivered to them an overcoat to be carried from Andover to Exeter, and delivered to the plaintiff for a reasonable reward to be paid therefor, in consideration of which the defendants received the coat and undertook to transport and deliver it accordingly, which they have neglected and refused to do.

At the trial upon the general issue it appeared in evidence that the overcoat belonging to the plaintiff, whose name is Charles D. Elkins, was rolled up in a bundle with another overcoat, belonging to Jonathan Elkins, and a label put upon the bundle with this address upon it: "Jonathan Elkins, Exeter, N. H." The bundle was left by Jonathan Elkins in the common room of the depot at Andover, and the depot master was requested by him to send the bundle by the next passenger train to Exeter, which he said he would do.

The defendants objected that the evidence did not support the declaration, but varied materially therefrom; but the court ruled it to be sufficient.

The jury returned a verdict for the plaintiff, which the defendants moved to set aside.

*Stickney*, for the defendants.

The declaration is not supported by the evidence, because it states a special contract made between the plaintiff and the defendants, whereas the contract proved was made between Jonathan Elkins and the defendants. No contract was made between the parties to this suit, nor is it possible to change the contract actually made into a contract to which the plaintiff was a party. Jonathan Elkins did not assume to act as agent for the plaintiff, nor can the weighty responsibilities of common carriers be forced upon the defendants in this way by third persons. Jonathan Elkins was merely the bailee of the plaintiff. The case of *Weed* v. *The Saratoga and Schenectady Railroad*, 19 Wend. 534, is in point upon this question. In that case, the contract set forth in the declaration was to carry the trunk and money of the plaintiffs. The proof was that the trunk belonged to one Martin, a stranger, nor was it shown that the plaintiffs had any connexion with it, and the variance was held to be material. A promise to carry for a bailee cannot enure to the benefit of the bailor.

In the second place, we contend that the contract alleged is to deliver the coat at Exeter to the plaintiff, while the contract proved was to deliver it to Jonathan Elkins, so far as there was any proof of a contract to deliver it to any one.

We contend, further, that there was no sufficient evidence to prove the delivery to the defendants. The evidence merely was, that the coat was left in the common room in the depot. It was never in the possession of the depot master.

*Wood*, for the plaintiff.

Jonathan Elkins must be considered as the agent of the plaintiff in this matter. Although he did not disclose the

name of his principal, he was still the plaintiff's agent, and the plaintiff may recover. Angel on Carriers, 462, 468. If the property belonged to the plaintiff, it is to be presumed that Jonathan Elkins contracted on behalf of the plaintiff.

No question arises in the case as to the sufficiency of the delivery.

*Stickney.* It cannot be presumed that Jonathan Elkins was the plaintiff's agent, merely from the fact that the coat was rolled up in a bundle with his own coat.

GILCHRIST, C. J. The only question in the case is whether the evidence supports the declaration. It is alleged that the plaintiff delivered to the defendants an overcoat, to be carried from Andover to Exeter, and delivered to the plaintiff. It appeared that two overcoats were rolled up in a bundle, one of which belonged to the plaintiff and the other belonged to Jonathan Elkins; that the bundle was directed to Jonathan Elkins, and left by him at the depot. The only question properly raised by the case is whether upon these facts the plaintiff may maintain an action against the defendants.

In the case of *Weed* v. *The Saratoga and Schenectady Railroad,* 19 Wend. 534, cited by the counsel for the defendants, the declaration alleged that the railroad company promised the plaintiffs to carry for the plaintiffs a trunk containing certain goods, &c., and bank bills, but that they carelessly lost the trunk and its contents. The second count alleged an undertaking to carry the trunk and its contents. The evidence showed that the plaintiffs' clerk, who was travelling, directed his baggage to be put into the proper car, but on his arrival at the place of his destination, he found that one of his trunks was lost, containing $285 belonging to the plaintiffs, which he had retained for his travelling expenses. The trunk belonged to one Martin. It was said by *Cowen,* J., that the variance was material.

" The contract, as set forth, was to carry the trunk and money of the plaintiffs. The proof is that the trunk belonged to Martin, a stranger, nor was it shown that the plaintiffs had any connexion with it. If the trunk were Barnes', (the clerk,) the variance would be the same, and so I should think if he had hired or borrowed it of Martin for his own use." * * * " The proof is at most of a contract with the plaintiffs to carry the money only. The declaration, then, fails in describing correctly a special executory contract, wherein great exactness is always demanded. Where the declaration is on a promise to do several things, and only one is proved, this is a variance. * * * The whole contract in the case at bar was made ostensibly with Barnes. If in legal construction it can be turned in favor of the plaintiffs, it must be in respect to their ownership of the articles undertaken to be conveyed, and there can be no pretence that the trunk of a stranger, Martin, or the trunk of Barnes, in which the plaintiffs had leave to deposit their money, would be comprehended within the principle."

Thus far the decision is not an authority for the defendants. The question of variance was distinctly raised and decided, although it finally turned out not to be very material, inasmuch as the plaintiffs were permitted to amend, by striking out the trunk from the declaration. But the learned judge goes farther, and after raising the question whether Barnes was not more than a mere agent, and was not a bailee, having himself an interest in the money for his travelling expenses, says, " It is doubtful, at least, whether a promise to carry for a bailee can enure to the benefit of the bailor," although that question did not arise in the case. Upon this question there are several decisions worthy of consideration.

In the present case the coat, which is the subject of this action, being in the possession of Jonathan Elkins, the latter must be regarded as the bailee, and the plaintiff as the bailor. It is immaterial for what particular purpose the

plaintiff's coat was in the possession of Jonathan Elkins. The purpose probably was that the latter might cause it to be forwarded to the plaintiff. In such a case it is clear that the bailee has such a continuing interest in the goods, until their arrival at the place of destination, as to entitle him to sue the carrier in case they are lost or damaged on their passage. Thus, in the case of *Freeman* v. *Birch*, 1 Nev. & Man., 420, which was an action against a carrier for negligence, it appeared that the plaintiff, a laundress, residing at Hammersmith, was in the habit of sending linen to and from London by the defendant's cart, which travelled from Chiswick to London. A basket of linen belonging to one Spinks was sent by the defendant's cart, and on its way to London part of its contents were either lost or stolen. Spinks did not pay the carriage of the linen. It was objected on the part of the defendant that the present action was misconceived, and that the action should have been brought by the owner of the linen. But the objection was overruled and a verdict was found for the plaintiff. A motion was made for a new trial, but refused by the court of queen's bench on the ground that under the circumstances the bailee retained a special property in the goods sufficient to support the action.

The property in articles bailed is for some purposes in the bailee and for some in the bailor. The right of action must partake of the same properties, and must so continue until it is finally fixed and determined by one or the other party appropriating it to himself. The decision in *Freeman* v. *Birch*, although it clearly establishes the right of a bailee to sue, does not necessarily exclude the bailor from bringing an action, if he chooses to anticipate the bailee in so doing. The rule in such cases is stated by *Parke*, B., to be, that either the bailor or the bailee may sue, and whichever first obtains damages, it is a full satisfaction. *Nichols* v. *Bastard*, 2 Cro. Mees. & Ros. 660.

The principle appears to be well settled, that if it is not

expressed that an agent contracts in behalf of another, and the name of the principal is not disclosed by him, a suit may be maintained in the name of the principal. In the present case, Jonathan Elkins was clearly the agent of the plaintiff, and the name of the plaintiff was not disclosed by him. This principle is recognized in the case of *Sims* v. *Bond*, 5 B. & Ad. 389, where Lord *Denman* says, " It is a well established rule of law, that where a contract, not under seal, is made with an agent in his own name, for an undisclosed principal, either the agent or the principal may sue upon it; the defendant, in the latter case, being entitled to be placed in the same situation at the time of the disclosure of the real principal, as if the agent had been the contracting party." In the case of *Higgins* v. *Senior*, 8 Mees. & Wells 834, it was held that the suit might be maintained on the contract, either in the name of the principal or of the agent, and that, too, although required to be in writing, by the statute of frauds. *Beebe* v. *Robert*, 12 Wend. 413; *Taintor* v. *Prendergast*, 3 Hill 72. The same principle was adopted by the supreme court of the United States, in the memorable case of the loss of the steamer Lexington, in Long Island Sound. In the case of the *New Jersey Steam Navigation Co.* v. *The Merchants Bank*, 6 Howard 344, the bank had delivered to Harnden, an express agent, a large amount of specie for transportation, by whom it was delivered to the Steam Navigation Co., who were then running the Lexington between New York and Stonington. It was held that, notwithstanding the contract of affreightment was made by Harnden with the company personally for the transportation of the specie, it was, in contemplation of law, a contract between the bank and the company, and although Harnden made the contract in his own name, and without disclosing the name of his employers at the time, the bank might maintain a suit upon the contract directly against the company. So where the plaintiff agreed with B., a common carrier, for the carriage of goods, and B.,

without the plaintiff's directions, agreed for the carriage with C., who, without the plaintiff's knowledge, agreed with D., a third carrier, it was held that the plaintiff might maintain an action against D., for not delivering the goods, and that by bringing the action, the plaintiff affirmed the contract made with D., by C., and could not afterwards recover from B.    *Sanderson* v. *Lamberton*, 6 Binn. 129.

Upon the principles above stated, our opinion is, that the plaintiff may maintain this action.

*Judgment on the verdict.*