[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 345 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 346 
The action by Richmond and others against Clarke, tried in 1839, was properly brought by them as plaintiffs. They were the owners of the salt, and as such had a right of action in case for the carelessness, negligence and misconduct of the carriers, by means of which it was lost, or in trover for any conversion of it by the carriers. If goods are lost or damaged by the carrier, the *Page 347 
party to sue for such loss or damage is he in whom the legal property in the goods was vested. (Dawes v. Peck, 8 T.R.,
330; Brown on Actions at Law, 200; 1 Chitty's Pleadings, 6.)
I am not aware that it has ever been doubted that the owner
of the goods may maintain an action on the case against the carrier for negligence and carelessness by which the goods have been injured or lost. No case was cited upon the argument, and I have found none. It has often been made a question whether the title to the goods was in the plaintiff, but, that question being settled, the decisions are uniform that the owner is the proper party to bring the action, whether he is the consignor or consignee. As a rule of evidence, prima facie the title is in the consignee. (Evans v. Marlett, 1 Ld. Raym., 271;Sargent v. Morris, 3 B. Ald., 277.)
In the present case it is claimed that the defendants were sub-contracting carriers, and that for this reason no action would lie against them by any one except the party with whom they contracted; that there was no privity between Richmond and others, the owners, and the carriers. Concede the fact that Richmond and others had contracted for the carriage of the salt with Green, and that he had contracted specially with the defendants, and in my opinion the conclusion that the owners could not maintain the action upon the case would not follow. Their title to the salt made them the proper party and gave them the right to sue. In my opinion it was entirely immaterial who shipped the salt, or who made the contract with the carriers. The contract related to the property of Richmond and others, and it was specified upon the face of the contract that the property was theirs. The salt was delivered to the carriers as the property of Richmond and others, and to be delivered to them at Lower Sandusky. The law imposes a duty upon the carrier to carry and deliver, and for negligence and carelessness in performing this duty the party injured has his action upon the case. He, whose property was lost or *Page 348 
destroyed, is the injured party. (Brown's Actions at Law, 200; 1 Ch. Pl., 134; 5; Dawes v. Peck, 8 T.R., 330.)
The former action was not upon the contract but upon the duty resulting from the facts, and the injury complained of was negligence, carelessness and misconduct in the performance of the duty. Richmond and others had a right to avail themselves of all the facts in the case out of which the carrier's duty arose. They did not complain of the delivery of the salt by Green to the carrier to be transported to Lower Sandusky, and if they had not authorized such delivery they had a right to adopt and ratify it, and by bringing their action against Clarke they did so.
The principles upon which an action on the case for a breach of duty is founded are largely considered in Burnett v. Lynch (5Barn. Cress., 589). A lessee had covenanted in the lease with the lessor to repair, c. He assigned the lease to the defendant by deed-poll, subject to the payment of rent and performance of the covenants in the lease, taking, however, no covenant from the defendant. There were breaches of the covenants in the lease by the defendant, and the lessor sued the lessee upon his covenants and recovered for such breaches. The lessee then sued the defendant, his assignee, in an action upon the case for a breach of duty in not performing the covenants in the lease to the lessor, and it was held that the action was well brought. What was the privity between the assignor and assignee of the lease? The assignee was himself bound to the lessor by the covenants in the lease, as they ran with the land. The lessor could have sued him. He had the right, however, to bring his action against his lessee upon his express covenants, and did so. It was the duty of the assignee to perform the covenants to the lessor, and the lessee had an interest in the performance of such duty, and for a breach of it he was permitted to maintain his action on the case. In the present case, upon the receipt of the salt by the carriers under the agreement with Green to *Page 349 
transport it, the law imposed upon them the duty of performance, and Richmond and others, the owners, had an interest in the performance of this duty, and they were damnified by the breach of the duty by the carriers. In Leslie v. Wilson and others
(3 Brod. Bing., 171), the action was case against the owners of the ship for negligence, c., in the master. There was a charter party of affreightment under seal between the master of the vessel of the one part, and the plaintiff and one Adams of the other part. It was objected that the action in case, founded upon the common law duty of the owners of the vessel, would not lie, but it was held that it would. Dallas, C.J., said, "The owners of a ship for whose benefit she is navigated are bound by the maritime law to owners of goods, shipped and received onboard to be carried, for the due carriage thereof, and are liable for any negligence on the part of themselves or their servants whereby the goods may be damaged." That, notwithstanding the charter party under seal, they were still liable for the performance of those duties belonging to them in the character of ship owners, not inconsistent with the stipulations of the charter party. Here was a special contract under seal for the affreightment of the ship by the plaintiff and another, not partners, and the plaintiff, who shipped his own goods, was permitted to maintain his action, on account of his goods, in case for negligence against the ship owners, and they were held to be liable for any breach of duty not inconsistent with the stipulations in the charter party. In Sanderson v. Lambert (6Binn., 129), the plaintiff had agreed with a common carrier to carry the goods, and such carrier agreed with another to carry them, and he with a third carrier who received the goods. The action was against the latter for not delivering the property, and it was held that the action was properly brought, and that by bringing it the plaintiff affirmed the contract made with the defendant, and could not afterwards recover of the carrier with whom *Page 350 
he made the first contract. In the New J. Steam Nav. Co. v.The Merchants' Bank (6 How. U.S.R., 344), Harnden, anexpress carrier, had made a special contract with the Navigation Co. for the privilege of transporting in the steamers of the company a crate of certain dimensions, in which he placed such articles as he was in the habit of carrying. The Bank in Boston employed him to collect certain checks and drafts in New-York. He received the checks and drafts in Boston and sent them to his agent in New-York, who collected them and placed the money in the crate on board the steamer for the purpose of being conveyed to the bank. The steamer was burnt and the money lost, and the bank brought the action to recover the money of the Navigation Co. It was objected that the action could not be maintained by the bank, that there was no privity, that the money was carried under a special contract with Harnden. The objections were overruled and it was held that the bank, being the owner of the money, could maintain the action. (See pp. 380, 381.)
Richmond and others, the owners of the salt, had the right to bring the action against Clarke, and the question is, what effect should be given in the present case to the verdict and judgment in that action? This question is raised upon the supposition that Green the present plaintiff could, but for the action by Richmond and others, have maintained an action against the carriers. We shall presently inquire whether he could, and if so, what action? In my opinion, the verdict and judgment in the prior action constitute a bar to this action. In that, as in all actions, a material question was, whether the plaintiffs, Richmond and others, had any right, any title to the thing demanded? If they had no title they could maintain no action, however guilty the defendant may have been regarding the salt and his duty touching it, as a carrier. The circuit judge held that they had no right to bring the action, and he directed a verdict against them, and upon this verdict judgment was entered, *Page 351 
and the parties have acquiesced. This judgment estopped the plaintiffs in that action as effectually as though the cause had been submitted to the jury upon the gravamen of the action and they had rendered a verdict against the plaintiffs. It would be extremely dangerous to permit the effect of a judgment as an estoppel to be destroyed by showing that the judge directed the verdict.
The judgment is an estoppel upon all privies, and if the action originally could have been brought by either Green or Richmond and others, then Green is within this rule. This has reference to the law of principal and agent. The principal may always sue upon the contracts made by his agent, though he was not known to the other party at the time the contract was made as the principal, unless the agent contract in his own name under seal. An agent can sue upon a contract when he has a beneficial interest therein or a special property in the thing sold; thus a factor, carrier, warehouseman, c., may sue in his own name to enforce a contract entered into by him as agent, as he has an interest in the contract. (Brown's Actions at Law, 162; Story on Agency, § 112, 161, 162; Russell on Factors, 246.) In all cases the agent's right to sue depends upon the non-interference of the principal; he can come forward and sue in his own name in exclusion of the agent's right of action, unless the contract was under seal. (Brown's Actions at Law, 162; Story Ag., § 402,et seq.; Russell on Factors, 246.) The special rights of the agent will be protected. (Story on Agency, § 410.) The defendant can never be made liable for the same cause of action
to the principal and agent. Upon establishing the position that Richmond Co. could maintain the action against the carrier, it follows that Green cannot for the same cause of action, they having sued and been defeated. But it is not necessary to pursue this inquiry, as, in my opinion, Green could not originally have maintained any action upon the case, or in trover, against the defendants. He had no interest in the salt, no such *Page 352 
special property as would have enabled him to sue in case or trover. He had received the salt under a special contract to transport it, and to receive the agreed price in notes at the end of each month, payable at a future day. He had no lien. He delivered the salt to the defendants under his agreement with them. He had no property special or otherwise in the salt, and without this he could maintain no action of tort for any injury to it. All his rights against the defendants depended upon his special contract with them.
In any view that I have been able to take of this case, I have not seen that Green ever had a cause of action in tort against the defendants. Ld. Kenyon, in Dawes v. Peck (supra), says the legal rights of the parties must be certain and depend upon the contract between them and cannot fluctuate according to the inclination of either. The question must be governed by the consideration, in whom the legal title was vested; for he is the person who has sustained the loss, if any, by the negligence of the carrier, and whoever has sustained the loss is the proper party to call for compensation from the person by whom he has been injured. In that case, the action was case by the consignor who had paid the defendants for bailing the goods.Davis v. James (5 Burr, 2680), and Moore v. Wilson (1T.R., 659), where the action had been maintained by the consignor, were referred to, and Grose and Le Blanc, Js., said that those actions proceeded on the ground of special agreement between the consignor and carrier. The same view was taken of these cases in Potter v. Lansing (1 J.R., 215); and seeWalley v. Montgomery (3 East, 585); and Fragano v. Long
(4 B. and C., 219). This view is an answer to the present action, independently of the verdict and judgment in the action by Richmond and others against Clarke, for this is an action upon the case for the carelessness, negligence and misconduct of the defendants, and not an action upon the special agreement between the plaintiff and defendants. *Page 353 
If an action had been brought upon the special agreement, the measure of damages to Green, the plaintiff, would have been the amount he had paid or should be liable to pay the owners of the salt upon his contract with them for the safe transportation of it, and the profits he would have made if the defendants had performed their contract with him. The release of the owners of the salt has cut off their claim upon the plaintiff. It does not appear that he ever paid anything to the owners. There is no presumption of law that he has paid any particular sum; and if the action were in proper form, it would be incumbent upon him to show in answer to the release the amount he had paid, in order to show how much he had been damnified. As to his profits, if there would have been any, it is sufficient to say, as has already been said, the action is not upon the special contract, and the cause was not tried with a view or for the purpose of recovering such profits only; no such question was made or passed upon by the court.
I have come to the following conclusions: 1. That the action by Richmond and others against Clarke was properly brought by them in their names, and that the judgment therein is a bar to any action by any one against the defendants for the loss of the salt by negligence or misconduct; 2. That Green could never have maintained this action.
The judgment should be affirmed.