# COURT OF APPEALS.

GEORGE S. THOMPSON agt. JAMES C. FARGO, Treasurer of the American Express Company.

To sustain an action against a *common carrier* for failing to deliver goods, the plaintiff must be the owner or have some special interest in them.

*Argued April* 12, 1872.

THE defendant, the American Express Company, is a common carrier. On the 11th of August, 1865, the defendant received from the United States Express Company, at Decatur in the state of Indiana, a package containing money in treasury notes to the amount of $660 63-100, together with the papers discharging John and William White from service in the army of the United States.

The defendant, on receiving said package, gave the United States Express Company a receipt for the same. The package was addressed as follows: " By the United States Express Company, $660 63-100, John & William White, care Capt. James K. Martin, Bunton House, Terre Haute, Indiana."

The American Express Company conveyed the package in question to the place of destination without delay; search was made for the consignees, but neither they or James K. Martin, to whose care it was addressed, could be found. The defendant immediately advertised in the public papers at Terre Haute that they had received and held the package for them, John & William White.

The contents of the package was the net proceeds of John & William White's back pay in the army of the United States, and their discharge papers from the service of the United States.

The plaintiff is a stranger to the Whites. In July, 1865, they wrote to the plaintiff, who then resided at Springfield, in the state of Illinois, enclosing their discharge papers from the service, and requested him to collect their back pay for them at Springfield, and to send it to Captain James K. Martin, Bunton House, Indiana.

The plaintiff did collect this back pay, and received for same the money in question, and enclosed same with discharge papers which he had received from the Whites in a wrapper, addressed to them, to the care of Captain James K. Martin, Bunton House, Terre Haute, Indiana.

The plaintiff, before enclosing the treasury notes, deducted all his charges against the Whites for his services in collecting their back pay, and had no further claim against the Whites or on their papers.

The plaintiff delivered the package so addressed to the United States Express Company at Springfield, Illinois, for conveyance to the consignees as requested.

The United States Express Company at Decatur delivered the package to the American Express Company, and took the defendants' receipt as aforesaid.

The action was referred to JOHN SHERWOOD as sole referee, who reported in favor of plaintiff; the general term of supreme court affirmed the judgment entered on the referee's report, and the case was appealed to this court.

H. C. VAN VORST, *for appellant.*
ISAAC HOWARD, *opposed.*

PECKHAM, *J.*—To sustain an action against a common carrier for failing to deliver goods, the plaintiff must be the owner or have some special interest in them (*Kerulder* agt. *Ellison, decided in this court last December and not reported : Greene* agt. *Clark,* 12 *N. Y.*, 343).

*Prima facie,* the consignee is the owner.

If this had been a sale of goods by the consignor, ordered

by the consignee, without stating in what way or any manner to send them, but only where, the consignee would have had sufficient title to maintain the action, because the title in such case, as a general rule, would not pass by the mere delivery to the carrier. In this case, however, the plaintiff never owned the money ordered to be sent to the consignees, hence, if he simply fulfilled the orders of the owners and sent the money to the consignee by a suitable and proper conveyance, his duties and liabilities were discharged. He then had no further right or interest in the matter.

The action was brought and tried upon the assumption that the plaintiff properly collected and sent the money due from the government to the Whites. There was no allegation or suggestion that he had not sent the money by the usual and proper mode; that he had not fulfilled the directions of the Whites; that he was not authorized by them to do precisely what he did. The referee has substantially so found as matter of fact, and there is no exception to any of his findings of fact.

It is to late here for the plaintiff to attempt to vary these findings of fact to sustain his judgment.

It is the right and interest of the defendant to see that this package is delivered to none but the true owner. A wrongful recovery against this defendant will afford it no defense as against the true owners or their representatives.

This is not a case of fictitious consignee. The Whites were alive, and in the civil war. This was their pay, and if they have died since this proceeding, that gives no right to this plaintiff to sue upon these facts.

It follows that the referee erred in finding for the plaintiff, and the judgment of the general term affirming that judgment must be set aside and a new trial granted, costs to abide event.

PECKHAM reads for reversal and new trial. Chief J. GROVER and FOLGER concur. ALLEN not sitting. RAPALLO not voting.