(90 App. Div. 440.)

## O'CONNOR v. MOODY et al.

(Supreme Court, Appellate Division, Fourth Department. January 29, 1904.)

1. APPEAL—NONSUIT—OFFER OF PROOF—PRESUMPTION.
    On an appeal from a nonsuit, plaintiff is entitled to the presumption that he could have proved material facts contained in his offer of proof.

2. WAREHOUSEMEN—NEGLIGENT LOSS OF GOODS—LIABILITY TO OWNER—PRIVITY OF CONTRACT.
    The agent of a commission firm contracted with owners of a warehouse for the storage of fruit which belonged to patrons of the firm. A list of these patrons was furnished to the warehousemen, and the agent testified that he agreed to guaranty the storage charges. One of the patrons delivered his fruit to the warehouse, and took a memorandum certifying that fact; the fruit being marked by the warehousemen with the "name of the party," etc. Held, that such patron could recover of the warehousemen for the negligent destruction of the fruit, irrespective of any question of privity of contract between them.

Appeal from Special Term.

Action by Matthew O'Connor against Edward M. Moody and another. From a judgment for defendants, entered on a nonsuit, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

D. E. Brong, for appellant.
Alvah K. Potter, for respondents.

SPRING, J. The defendants own and operate a cold storage warehouse in Lockport, N. Y., and the plaintiff, a fruit grower, in October, 1902, delivered to the warehouse a quantity of apples and pears in barrels to be stored for a fixed compensation. The plaintiff claims that the fruit was destroyed through the negligence of the defendants, and the action is to recover its value.

The agreement for the storage of the fruit was made with one Ash, who represented Crutchfield & Woolfolk, a Pennsylvania copartnership engaged in the produce and commission business. Ash agreed with the defendants to pay them for the storage of the fruit in their warehouse 35 cents per barrel for the season, and a specified rate by the month if the fruit was kept for less than the entire season. The defendants knew that this fruit belonged to the farmers, and was in the custody of Ash or his firm to sell on commission. In fact, a list of the farmers whose fruit he was to handle was given by Ash to the defendants, which included the plaintiff and that of his son, whose claim has been assigned to the plaintiff. The defendants contend that they are not liable to the plaintiff, alleging that there was no privity of contract between them, and that they dealt with Crutchfield & Woolfolk, and not with the plaintiff.

On the trial the court, after hearing the proofs of the plaintiff showing the arrangement by which the merchandise was delivered to the defendants, intimated that there was no liability. The plaintiff thereupon offered to establish the facts out of which the negligence arose, but the evidence was excluded, and the plaintiff nonsuited. In reviewing the appeal from the judgment of nonsuit, the plaintiff is entitled to the assumption that he might have proved all the facts contained in his offer.

Ash testified that there was some little haggling over the price to be paid to the defendants for storing the fruit, and finally he said:

"Well, I will guaranty this part. I will guaranty all storage for my own fruit and every one else as fast as it is taken out of storage; that the proceeds will be properly paid, and each man will have to take his own rubbish away. * * * I told him that I would guaranty their storage charges. He asked me, when I told him, or asked him for storage for my own and others, if I intended to guaranty all storage charges for them all. He asked me if I would guaranty all storage charges, and I told him I would. * * *"

This proof indicates that the firm represented by Ash was not primarily liable for the payment of the storage charges; that their liability was that of a guarantor; that the owner of the property was the real paymaster.

Irrespective of the question of the effect of the agreement with the commission firm, the defendants may be charged. The evidence quoted tends to show that the defendants knew the fruit belonged to the farmers delivering it. In addition to that, the plaintiff delivered his fruit, and took a memorandum certifying that fact. The fruit was marked by the defendants, "showing the name of the party and the number and character of the apples." The fruit therefore belonged to the plaintiff, and the defendants knew it. He certainly could maintain an action for its recovery if converted. Green v. Clarke, 12 N. Y. 343; Baird v. Daly, 57 N. Y. 236, 15 Am. Rep. 488. The true owner is the one seeking to recover his property or its value. The defendants were bailees for hire of the plaintiff's property, either through him or his agents. By the fault or misconduct of these bailors, it has been destroyed. The intermediary did not have the title, as the defendants knew. Barring any question of a lien upon the goods, which is not up here, there is no reason why the plaintiff cannot recover for the value of whatever interest he may have had in them. The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.