count, which in this case was $240, instead of $196, as admitted. The judgment should be modified, by reducing the plaintiff's recovery to $260, with appropriate costs in the court below, and, as modified, the judgment should be affirmed, without costs.

---

(95 Misc. Rep. 257)

### LACKAYE v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

CARRIERS ☞405(4)—CARRIAGE OF PASSENGERS—BAGGAGE—ACTIONS.

In an action by an actor to recover for a trunk and its contents, which was lost on an interstate journey, where the actor's management received a reduced rate, which limited carrier's liability for baggage, *held*, that the actor could not recover a sum in excess of that stipulated.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ☞405(4).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by James Lackaye against the Pennsylvania Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded, unless plaintiff consent to enter remittitur.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Burlingham, Montgomery & Beecher, of New York City (George R. Allen, of New York City, of counsel), for appellant.

O'Brien, Malevinsky & Driscoll, of New York City (Alfred G. Steiner, of New York City, of counsel), for respondent.

COHALAN, J.   Plaintiff, an actor, sued to recover the sum of $645 for the loss of a trunk and its contents. The trunk was delivered to the defendant in Jersey City, and was checked for Philadelphia, Pa.   The arrangements for the transfer were made by the A. H. Woods Production Company. This company employed the plaintiff, and in this transaction it was acting as his agent. The action having been brought to recover on a contract, the act of the plaintiff's representative has been ratified on the part of the plaintiff by this suit. Green v. Clarke, 12 N. Y. 343.

The transfer of the baggage was interstate; hence it was subject to the provisions of the Interstate Commerce Act, particularly of the Carmack Amendment thereto.   It appears that the A. H. Woods Production Company paid for 25 fares from New York to Philadelphia, at the rate of $1.80 a person.   This arrangement included the fare of the plaintiff and the transfer of his baggage.   It was a reduced rate, and it was subject to the defendant's rules and regulations with respect to rates and tariffs.   The tariff provided that the liability of the defendant for the baggage of an employé of a theatrical company should be limited to the sum of $100.   If a greater liability had been desired, that option rested with the plaintiff or his agent.   He did not avail himself of this privilege, and it follows that the defendant was at liberty to invoke the limited liability in the sum of $100.   Bos-

ton & Maine R. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593; Barstow v. N. Y., N. H. & H. R. Co., 158 App. Div. 665, 143 N. Y. Supp. 983. The defendant in the court below offered to allow judgment to be taken against it in the sum of $100. The court, however, allowed a recovery in the sum of $645.

The judgment is reversed, and a new trial ordered, with $30 costs to appellant to abide the event, unless plaintiff stipulates to reduce the judgment to $100, with interest thereon from January 23, 1915, together with costs in the court below, and in that event the judgment, as so modified, is affirmed, with costs of this appeal to the appellant.

GUY and BIJUR, JJ., concur in the result.