WILLIAM SEVERIN *et al.*

*v.*

WILLIAM H. EDDY.

52   189
34a  153

52   189
55a  109

52    189
d200 ²336

1. PARTIES DEFENDANT—*in suit against joint tort feasors.* A plaintiff may maintain several actions against a number of persons who commit a trespass or other tort jointly, and may recover several judgments, though he can have but one satisfaction.

2. FORMER ADJUDICATION—*whether a bar to a subsequent suit.* A party who received an injury, by reason of a hatchway in the sidewalk in a city being left in an unsafe condition, sued the city for damages, and the city recovered judgment; but this was held to be no bar to a subsequent action by the person injured, for the same cause, against the individual through whose negligence the accident occurred.

3. SAME—*of notice by the city to the negligent party.* Nor would the fact that the person whose negligence occasioned the injury received notice of the former suit, and that the city would hold him liable for any sum that might be recovered, operate to render the judgment in such suit a bar to the subsequent suit.

190          SEVERIN *et al. v.* EDDY.          [Sept. T.,

Syllabus.   Opinion of the Court.

4. DEFECTIVE SIDEWALKS—*liability of cities and individuals.* If an individual construct a hatchway in a sidewalk, he must respond for any damages resulting from his negligence to render it safe and free from danger. It is also the duty of the city to keep the streets and sidewalks in safe condition, and it will be liable for injury occasioned by its neglect of duty in that respect. But should a recovery be had against the city in such case, the person whose neglect of duty caused the injury will be liable over to the city therefor.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. D. P. WILDER, for the plaintiffs in error.

Mr. W. T. BURGESS, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by plaintiffs in error in the Cook circuit court, to recover for injuries sustained by Caroline Severin, the wife of William Severin, by falling through a hatchway door in the sidewalk abutting upon the premises of defendant in error. It is averred in the declaration that the hatchway had been left in an unsafe condition through the default and negligence of defendant in error, whereby Catharine Severin had received the injuries complained of, causing great pain and suffering, and crippling her for life.

To the declaration, defendant filed two special pleas. They aver that plaintiffs in error, in 1866, sued the city of Chicago to recover for the same injuries; that the city gave notice of the pendency of the suit to defendant, and that he aided in the defense of that suit, and that on a trial before a jury they found a verdict in favor of the city, upon which a judgment was rendered that the city go hence without day,

and recover costs against plaintiffs in error; that the judgment remains in full force, unreversed and in nowise annulled. Plaintiffs filed a demurrer to these pleas, which was overruled by the court, and plaintiffs in error failing to answer the pleas, judgment was rendered against them in bar of the action.

Do these pleas present a defense to this action? Was the judgment in favor of the city, and to which defendant in error was not a party, a bar to a recovery in this case? We think not. If it could be conceded that defendant in error and the city were joint *tort feasors*, still it would not follow that he could plead that judgment in bar of this action. The rule is well established that a plaintiff may maintain several actions against a number of persons who commit a trespass or other tort jointly, and may recover several judgments, but can have but one satisfaction. If a number of persons jointly commit a tort they are liable either jointly or severally, because the tort is considered the act of each person engaged in its perpetration, and the plaintiff may elect to sue jointly or severally. *Livingston* v. *Bishop*, 1 Johns. R. 290; *Thomas* v. *Rumsey*, 6 ib. 31; Chit. Pl. 86-87. It then follows that even if the city and defendant in error were joint *tort feasors*, plaintiffs in error had the election to sue them separately, and, if so, the failure to obtain judgment against either would form no bar to a recovery against the other.

When the city gave notice to defendant in error, it was for the purpose of concluding him from requiring the city to prove the cause of action in case a recovery was had against the city, and a suit should afterwards be brought against defendant in error. Had a judgment been obtained in that action against the city, defendant in error, in a suit by the city against him to recover the amount of the judgment, could not have questioned the grounds of the recovery. Having received notice that the suit had been instituted and that the city would hold him liable for any sum that might be recovered, the notice would have operated as an estoppel on him, but not on plaintiffs in error. The notice did not render him a defendant to the

action, but simply operated to confer power on him to defend the suit, and to preclude his questioning the judgment rendered on the trial.

If defendant in error was guilty of neglect of duty in failing to keep the hatch door in proper repair and in a safe condition, he was liable to plaintiffs in error for any injuries resulting from his negligence. But in such a case, it being the duty of the city to keep the streets and sidewalks in good repair and in safe condition, it was also liable to plaintiffs in error for a neglect of duty. But if defendant, by a neglect of his duty to keep the hatch door safe, caused the injury, he would be liable over to the city for any recovery that might have been had against the city, and hence the propriety of giving to him the notice averred in the plea, that he might defeat a recovery against the city for which he would have been ultimately liable. But it is believed no case has gone the length of holding that by such a notice to the party ultimately liable, he becomes thereby a party to the record.

Inasmuch as the city and defendant are liable for different acts of negligence, it can not be that a verdict in favor of the city should, at all events, become a bar to 'a recovery against defendant in error. For aught that appears, it may be the city on that trial proved that it had omitted no duty in reference to the passway where the injury occurred, and the evidence may have shown defendant in error to have been grossly, and even wilfully, negligent. We can well imagine a case where such might be the state of facts; and if such is the case, then plaintiffs in error should not be precluded from showing it on a trial of the case. We have no right to presume that because both parties owed the duty of keeping this passway safe, both parties acted alike, and that each is equally innocent or culpable. Their duties are different. Defendant in error having constructed the hatch door, it was his duty to render it safe and free from danger, or respond in damages which ensue from injury growing out of his negligence.

It is the duty of the city to use all reasonable precautions to keep the streets and sidewalks in proper repair and in a safe

condition. But the city is not required to keep a force constantly patroling the streets to ascertain whether individuals are placing obstructions therein, or are opening hatch doors, or by closing them negligently, leave them in a dangerous condition. While the city is held to a high degree of vigilance, it can not be claimed to such a length. To do so would be unreasonable if not impracticable. It may have been, and we presume it was, shown on the trial in which the city was defendant, that every duty had been performed, and every precaution taken which devolved upon the city. But it does not follow that such was the proof as to the acts of defendant in error.

The pleas failing to present a defense to the action, the court below erred in overruling the demurrer, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*