THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

v.

HARRIS GOLDBERG.

1. TRESPASS—ACQUITTAL OF CO-DEFENDANT—TRANSCRIPT OF SUCH JUDGMENT AS EVIDENCE. — In a former suit against appellant and one Cornwall for an alleged trespass, Cornwall was adjudged not guilty, and thereupon appellee dismissed such suit as to appellant. To the present suit appellant pleaded, among other things, that the alleged trespasses were the identical trespasses mentioned in the former suit, etc., and were claimed to have been committed by Cornwall as the agent of appellant, but which, if done, he had no authority, etc. from appellant to do. The transcript of the record in the former suit was offered in evidence and excluded. *Held* to be error.

2. JUDGMENT IN FAVOR OF CO-DEFENDANT.—Although, in actions of trespass, a judgment against one defendant is no bar to an action against another, yet judgment and payment thereof would be, and the record would be admissible to prove the judgment. For similar reasons the record of acquittal of one defendant, is admissible in an action against another, in connection with proof that the latter is sought to be charged for the same acts only by virtue of his relation, as principal, to the former. Where the real actor, none the less liable personally because acting for another, is not guilty, it necessarily follows that the party for whom he acted cannot be. The principal can be no more guilty by reason of the act of his agent than if he had committed the act in person.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. C. D. ROYS, for appellant; that the proof failed to show that Cornwall was acting as the agent of the defendant, and that an agency cannot be established by the declarations of the agent, cited Grey v. Gillilan, 15 Ill. 453; Breckenridge et al. v. McAfee, 54 Ind. 144; Young v. First Nat. Bank, 51 Ill. 73; M. C. R. R. Co. v. Gougar, 55 Ill. 503; Gibbs v. Holcomb,

1 Wis. 23; Maxey v. Heckthorn, 44 Ill. 437; Ætna Ins. Co. v. N. W. Iron Co. 21 Wis. 464; Wharton on Agency, §§ 44, 164; Jenks et al. v. Burr, 56 Ill. 450.

The master is not liable in trespass for the act of the servant unless in consequence of his previous command: 2 Greenleaf on Ev. § 68; 2 Hilliard on Torts, 323; Angell and Ames on Corporations, 323; Vanderbilt v. Richmond Turnpike Co. 2 N. Y. 479.

Statements of what Cornwall had said in relation to his agency should not have been admitted; and a denial by him does not cure the error of allowing such testimony: Wharton on Ev. § 176; Primm v. Legg, 67 Ill. 500; Linblom v. Ramsay, 75 Ill. 246; Livesley v. Lasalette et al. 28 Wis. 38; Nash v. Towne, 5 Wall. 689; Mima Queen and Child v. Hepburn, 7 Cranch, 295.

Whenever the acts of an agent are permitted to be shown, his declarations explanatory of those acts are admissible: 1 Wharton on Ev. § 262; Bank v. Kennedy, 17 Wall. 24; Eastman v. Bennett, 6 Wis. 237; 2 Wharton on Ev. § 1173; Cliquot's Champagne, 3 Wall. 114; Resch v. Senn, 28 Wis. 286; Southwick v. Berry, 1 Pinney, 559; State v. Hill, 30 Wis. 416.

The transcript of record of acquittal of Cornwall was competent evidence and should have been admitted: Smalley v. Edey, 19 Ill. 207; Grey v. Gillilan, 15 Ill. 453; Goodrich v. Hanson, 33 Ill. 498; Hopkins v. Lee, 6 Wheat. 113; Freeman on Judgments, § 273.

All concerned in a joint trespass are liable severally and collectively: Yeazel v. Alexander, 58 Ill. 254; Severin et al. v. Eddy, 52 Ill. 189.

A recovery and a satisfaction against one is a satisfaction as to all: Severin v. Eddy, 52 Ill. 189; Crow v. Bowley, 68 Ill. 23; Stone v. Dickinson, 5 Allen, 29; Gray et al. v. Dougherty, 25 Cal. 288; Bigelow on Estoppel, 57.

Such recovery and satisfaction may be pleaded in bar by any one or all of the other joint trespassers: Marsh v. Pier, 4 Rawle, 288; Dunkle v. Wiles, 5 Denio, 296; Miller v. Muncie, 6 Hill, 126; Kitchen v. Campbell, 3 Wilson, 308; Emery v. Fowler, 39 Me. 326; Castle v. Noyes, 14 N. Y. 329; Peterson

v. Netz, 80 Ill. 25; Wells' Res Adjudicata, § 6; Lawrence v. Hunt, 10 Wend. 80; Case v. Reeve, 14 Johns. 82; Adams v. Burns, 17 Mass. 365; Hamilton v. Quimby et al. 46 Ill. 90; Dickson v. Todd, 43 Ill. 504; Murphy v. People, 53 Ill. 239; Miller v. McManis, 57 Ill. 126.

Messrs. SHOREY & SHAFFNER, for appellee; contended that the proof was ample that a trespass was committed by the agents of appellant, and cited Cutler v. Smith, 57 Ill. 252.

The principal is liable for the torts of his agent done in the course of his employment, although the principal did not authorize them: Story on Agency, § 452; Phil. & Read. R'y Co. v. Derby, 20 Curtis, 291; Ransden v. Boston & Albany R. R. Co. 104 Mass. 117; Howe v. Newmarch, 12 Allen, 52; U. S. Life Ins. Co. v. Advance Co. 80 Ill. 549; Sheath v. Wilson, 9 C. & P. 607; Southwick v. Estes, 7 Cush. 385; N. W. R. R. Co. v. Hack, 66 Ill. 238.

The transcript offered in evidence was properly rejected. A judgment against one joint trespasser is no bar to a suit against another for the same trespass: Hill et al. v. Freeman et al. 7 Ga. 211; Lovejoy v. Murry, 3 Wall. 1; Stone v. Dickinson, 5 Allen, 29; Davis v. Taylor, 41 Ill. 405; Livingston v. Bishop, 1 Johns. 290; Wright v. Lathrop, 2 Ohio, 33.

The acquittal of a co-defendant is no bar to an action against the defendant not acquitted: Moore v. Fitchburg R. R. Co. 4 Gray, 465; Severin v. Eddy, 52 Ill. 189; Livingston v. Bishop, 1 Johns. 290; Thomas v. Rumsey, 6 Johns. 31; Brown v. Burrows, 8 Mo. 26; Lansing v. Montgomery, 2 Johns. 382.

PLEASANTS, J.    We propose to consider only one of the errors assigned upon this record, inasmuch as that seems clear and decisive of the controversy.

This was an action of trespass brought by the appellee against the appellant jointly with the Union Star Line Company, E. A. Cornwall and Reuben Slayton.    The declaration, filed Dec. 14, 1874, contained four counts.    The first was in the usual form for assault and false imprisonment; the second was as follows: "And also for that the said defendants, to wit: on the fourth

day of October, 1873, with force and arms broke into a certain dwelling house of the said plaintiff, situate and being in the city of Chicago and county aforesaid, and then and there made a great noise and disturbance therein, and stayed and continued therein making such noise and disturbance for a long space of time, to wit: for the space of one hour; and then and there forced and broke open, broke in pieces and damaged a certain door of the plaintiff's of and belonging to the said dwelling house, and broke in pieces, damaged and spoiled one lock and two hinges.of and belonging to said door, and wherewith the same was then fastened, and of great value, to wit: of the value of twenty-five dollars; and then and there broke te pieces and damaged the stove of the said plaintiff, of great value, to wit: of the value of fifty dollars; and also during the time aforesaid, to wit: on said fourth day of October, with force and arms, etc., seized and took divers goods and chattels belonging to said plaintiff, to wit:

"1 doz. pants and vests, . . . . $8.50 . . $102.00
"1 " coats, . . . . . . . 7.00 . . 84.00

"(And numerous other articles set forth in like manner.)

"And also during the time aforesaid, to wit: on the fourth day of October, with force and arms assaulted and struck and threw down on the floor Runnie Goldberg, wife of the said plaintiff, then being in said dwelling house; by means of which said several premises the said plaintiff and his family were, during all the time aforesaid, not only greatly disturbed and annoyed in the peaceable possession of the said dwelling house of the said plaintiff, but also the said plaintiff was, during all that time, hindered and prevented from carrying on and transacting therein his lawful and necessary affairs and business, to wit: at the county aforesaid." The third count, like the first, charged assault and false imprisonment, but less particularly, and the fourth was in the general form for assault and battery.

The defendants severally pleaded not guilty, except Cornwall, who set up a former acquittal, to which the plaintiff replied double.

Issues being joined, the cause came on for trial, when the plaintiff entered a *nolle prosequi* as to the other defendants,

and the jury returned a verdict of not guilty as to appellant. This verdict was set aside and a new trial awarded, upon which the jury found the issue for the plaintiff, and assessed his damages at two thousand dollars. This also was set aside, and upon the third trial the jury were discharged without a verdict, being unable to agree.

· Thereupon the defendant, appellant here, by leave of the court, filed an additional plea, setting forth that on the 27th day of October, A. D. 1873, the said plaintiff, in the Superior Court of Cook county, impleaded the appellant, the said E. A. Cornwall and others, jointly, in an action of trespass, for the committing of the very same supposed trespasses in the declaration mentioned; that appellant and said Cornwall pleaded, separately, that they were not guilty; that issue was joined on said pleas; that on the 7th day of July, A. D. 1874, said issues came on to be tried, and were then and there tried in the course of law, by a jury of said county, duly chosen and sworn in that behalf, and that the said jury found upon their oaths that said Cornwall was not guilty; that afterwards, on the 6th day of October, A. D. 1874, said verdict remaining in full force, judgment was entered thereon in favor of said Cornwall, and that on the day next following the said suit was, on motion of said plaintiff, dismissed as to appellant and judgment entered in its favor for costs.

The plea then goes on to aver that the said supposed trespasses in the declaration mentioned consisted wholly and solely of an alleged arrest and imprisonment of the said plaintiff under and by virtue of a certain search warrant duly issued by A. H. Banyon, a police justice of the city of Chicago, upon an affidavit made therefor by said Cornwall, as being the agent of appellant for that purpose, but which was so made without any power, authority or right on his part to act for and bind appellant thereby.

Although perhaps somewhat inartificial in form, we take the substance of this averment to be that the liability of appellant was claimed to have arisen, and, if there was any, must have arisen solely from its relation as principal to the said Cornwall, whose acts in procuring the issuance and aiding in the execution

of the search warrant mentioned, constituted the trespasses complained of.

It does not appear that to this plea any replication or demurrer was interposed, but the cause came on to be again tried, and the result was a verdict for the plaintiff for three thousand dollars damages, upon which, after overruling defendant's motion for a new trial, judgment was entered.

Upon this trial the testimony on the part of the plaintiff, as shown by the bill of exceptions, having strongly tended to support the averment of the special plea that the liability of the defendant was predicated upon the alleged acts of Cornwall as its agent, the defendant on its part offered in evidence the transcript of the record in the former suit referred to in the plea, and it was excluded by the court; for what reason is not indicated in the record here, but the argument for appellee attempts to justify it upon two grounds: first, it is insisted that the transcript on its face shows that the trespasses charged in the former suit are not the same as those charged in this, and second, that the acquittal of one party charged as a joint trespasser is not a bar to a recovery against another.

As to the first, it is said that the declaration in this case contained a count *de bonis asportatis*, while that in the other did not. It is not denied, however, that in respect to the others they are identical, and if as to these the judgment in the former case was admissible, in connection with the proof tending to show that Cornwall's acts as agent of the appellant were the trespasses therein charged against it, it was error not to receive it. But we are further of opinion that counsel misconceived the character of the second count in the later declaration. It is herein above set forth in full, and, as will be noticed, contains no proper averment of the value of the goods, nor of their asportation, nor of their conversion by the defendants, and the damages alleged by reason of the premises are only such as grow out of the interference with the use and enjoyment of the dwelling house. It is strictly a count *quare clausum* or *domum fregit*, and the seizure and taking of the goods—like the assault upon plaintiff's wife, which is without the *per quod*—is averred as matter of aggravation only. Otherwise there

would be two causes of action, distinct and several in their nature, alleged in one count. There were four counts in each, identical respectively, in substance and almost so in terms, excepting that to the second of the latter is added the averment of the seizure and taking of the goods, as above set forth. Under this there could be no recovery for such seizure and taking, independently of the breach of the close, and proof that there was no such breach would be an answer to the whole count. Stephen on Pl. marg. p. 254.

The two second counts, therefore, as well as the others, respectively, are substantially the same, and their exact agreement in the numerous particulars of time, place, persons and acts, of itself, alone and without the aid of parol proof, sufficiently identifies the several trespasses in said declarations respectively charged.

Was then the judgment in favor of Cornwall upon the verdict of not guilty in the former suit admissible as evidence, in connection with the other proof, on behalf of appellant, in this?

If the alleged trespasses are the same, the only ground of objection urged against it is the rule that in this class of cases a judgment in favor of one defendant, joint or several, is not in law a bar to the action against another.

We concede the rule to be as stated, but think it inapplicable. The judgment here was not pleaded nor sought to be proved as in itself a bar, but as one of several facts which together constituted a defense. The rule is equally well settled that a judgment against one is not a bar to the action against another for the same cause; but such a judgment and payment thereof would be, and the record would of course be admissible to prove the judgment. So in this case the defense set up was the acquittal of another defendant, and the further fact that the party here sued was sought to be charged only in virtue of its alleged relation, as principal, to the one so acquitted. We hold it to be good. If the agent were irresponsible, or the question of intent material, it might be otherwise. But where the real actor, none the less liable personally because acting for another, is not guilty, it necessarily follows that the

party for whom he acted cannot be. The principal could be no more guilty by reason of the act of his agent than if he had committed the act in person, and the party who was alone charged to have committed the act in person was conclusively adjudged not guilty. We see no way of escape from our conclusion in reason, and for authority refer to Thomas v. Rumsey, 6 Johns, 26; and Emery v. Fowler, 39 Maine, 326.

The cases cited to the contrary are not parallel. In Lansing, imp'd, &c. v. Montgomery, 2 Johns. 382, the defendant was charged with issuing a distress warrant as a landlord and thereby causing plaintiff's goods to be taken, when no rent was due, and he set up as a defense the acquittal of the constable, who took the goods but successfully pleaded the protection of his warrant. There was no such relation between the two defendants as in the case at bar.

Moore v. The Fitchburg R. R. Co. 4 Gray, 465, was an action against the company and one of its conductors, for putting a passenger off its train. There was a verdict in favor of the conductor and against the company, but the point under consideration here was not involved. The exceptions taken questioned only the liability of the company in trespass, and the joinder of the defendants in the action, and the court say that upon these they have nothing to do with the consistency of the verdict which discharged the agent and held the principal in such an action. We understand the implication from this remark, if any, to be against the proposition for which the case is cited.

Severin v. Eddy, 52 Ill. 189, was an action on the case for injuries received by falling through a hatchway door in defendant's sidewalk, and the plea was that in a suit by plaintiff against the City of Chicago, for the same injuries, there was a verdict and judgment for that defendant. The court held it bad on demurrer, for the reason that although the injuries were the same, the wrong—the cause of action—was not. The duty of the city in the premises was different from that of Severin, and therefore its negligence in failing to discharge it—which would be the wrong and cause of action—must necessarily be also different.

Here the defendant was a corporation, from its nature incapable of committing a trespass except through an agent. The evidence on the part of the plaintiff himself went to show that he claimed to rely for his cause of action upon certain alleged acts of E. A. Cornwall, done as such agent. The transcript offered tended of itself, and more clearly in connection with the testimony of plaintiff's attorney, to show that they were the same that were alleged and relied on in a former action by the same plaintiff against said Cornwall, this defendant and others, in which this defendant was at issue with the plaintiff as to the commission of the alleged trespasses by Cornwall and his agency for it therein, and that a verdict of not guilty was returned as to him and judgment entered thereon.

This evidence was necessary to complete a possible defense, and its rejection by the court was error, for which the judgment must be reversed and the cause remanded.

Reversed and remanded.