## THE NATIONAL BANK OF ILLINOIS

### v.

## MARY S. BAKER.

*Collateral Security—Power of Sale—"Depreciation"—Fraud—Subrogation—Agency.*

1. A power conferred upon a party adverse in interest, or upon a third person who acts at the instance of such party, must be strictly pursued.

2. The fact that collateral securities are not what they purport to be, but are of less value and in part fraudulent, does not justify a sale under a power authorizing a sale upon their depreciation in value.

3. In the case presented, it is *held:* That the power of sale only applied to events then in the future; that the fraud in question did not enlarge the power; that the sale was unauthorized; and that the utmost claim of the purchaser is to be subrogated to the position of the vendor, holding the policy of insurance as security for the payment of the original indebtedness.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. BRADY & NORTHRUP, for appellants.

A power to sell collaterals may be given by the contract of pledge. Such a power is not against public policy, nor is it open to any objections as to its validity.

The terms of the contract of pledge govern the rights of the parties as to the time, place and notice of sale. Colebrooke on Collateral Securities, Sec. 118; Union Trust Co. v. Rigdon, 93 Ill. 458; Loomis v. Stave, 72 Ill. 623; Zimpleman v. Veeder, 98 Ill. 613.

When the power or contract of pledge provides that, in case of default, a sale of the collaterals may be made without notice to the pledgor of pledgee's intention to sell, the pledgee has the right to sell without giving notice, and a sale so made is valid. Loomis v. Stave, 72 Ill. 623; Milliken v. Dehon, 27 N. Y. 364; Chouteau v. Allen, 70 Mo. 290.

If the pledgee, under a power of sale conferred on him, makes a *bona fide* sale of the collateral to one capable of buying, the sale will pass the title to the collateral beyond the pledgor's reach. Zimpleman v. Veeder et al., 98 Ill. 613; Stokes v. Frazer, 92 Ill. 428; Lewis v. Mott, 36 N. Y. 395; Duncomb v. N. Y., etc., R. R. Co., 84 N. Y. 190; Union Trust Co. v. Rigdon, 93 Ill. 458; Jerome v. McCarter, 94 U. S. 734; Newport Bridge Co. v. Douglas, 12 Bush, 673; White Mountain R. R. Co. v. Bay State Iron Co., 50 N. H. 57.

A *bona fide* sale of collaterals made after default, under a power of sale, vesting the title in a purchaser for value, in good faith, is not affected by a tender of the debt and charges made subsequently thereto. Colebrooke on Collaterals, Sec. 122; Loomis v. Stave, 75 Ill. 623; Chouteau v. Allen, 70 Mo. 290.

The *bona fide* assignment of a policy of life insurance, issued in favor of the wife and assigned by the husband and wife to a creditor of the husband, will enable the assignee to recover. Kerman v. Howard, 23 Wis. 108; Charter Oak Ins. Co. v. Brant, 47 Mo. 419; Baker v. Young, 47 Mo. 453; Foster v. Gile, 50 Wis. 603.

The above doctrine was fully sustained in a case in this State, where only a part of the policy had been assigned. Pomeroy v. The Manhattan Life Ins. Co., 40 Ill. 398.

Policies of insurance are choses in action, and governed by the same principles as other agreements of that character. Bliss on Life Ins., pp. 517, 596, Sec. 325; Palmer v. Merrill, 6 Cushing, 282; St. John v. American Mutual Life Ins. Co., 3 Kernan, 31.

Messrs. ABBOTT & BAKER, for appellee.

The attempted sale by Kretsinger to Freeman was not made in good faith, of which fact Freeman had notice, and therefore the sale is void.

The pledgee of personal property is the trustee for the pledgor. Union Trust Co. v. Rigdon, 93 Ill. 458; Joliet Iron & Steel Co. v. Scioto Fire Brick Co., 82 Ill. 548; Zimpleman v. Veeder, 98 Ill. 613.

Transferee taking with notice of the violation of trust takes

it subject to trust. Fawcett v. Nat. Life Insurance Co., 5 Ill. App. 274.

While a power may authorize a sale either at public or private sale, the pledgee nevertheless is bound to use reasonable care and diligence to obtain the best price for the pledge. Like all trustees he must act in good faith.

GARY, J. The facts of this case, so far as it is necessary to state them for decision of it, are that on the 2d of October, 1880, the New England Mutual Life Insurance Company issued a policy of life insurance on the life of William Baker for $5,000, for the benefit of Mary S. Baker, his wife, the appellee. He died on the 15th day of February, 1886, she surviving.

On the 14th of December, 1885, he and she made a promissory note, payable in ninety days thereafter, to the order of W. H. Kretsinger, for $600, with a warrant of attorney attached to confess judgment, and a recital that as security for the payment of the note a deposit had been made with Kretsinger of a certificate for 100 shares of the stock of the Journal of Commerce Company of $100 each, and the policy of insurance before mentioned; and following was this provision:

"And in default of payment of the said note, or any part thereof, at maturity, I do hereby authorize said Kretsinger, or his assigns, to sell and dispose of said security, or any part thereof, at public or private sale, in his or their discretion; and in the event of said security, or any part thereof, depreciating in market value, I do hereby authorize said Kretsinger, or his assigns, at his or their option, to sell and dispose of said security, or any part thereof, at any time before or after the maturity of said note, at either public or private sale, and in the event of sale before or after the maturity of said note, as aforesaid, no notice of such sale shall be required to be given to the undersigned, or to any other person or persons whomsoever, either by advertisement or otherwise; and the proceeds of such sale or sales so made as aforesaid shall, after the payment of all expenses and commissions attending said sale or sales, be applied on said note, and the balance, if any, after payment of said note with interest, shall

be returned to the undersigned, his heirs, executors, administrators or assigns; and at any sale of said collaterals, or any part thereof, made by virtue hereof, it shall be optional with the legal owner or holder of said promissory note to bid off and purchase said collaterals, or any part thereof."

On the 10th and 22d days of December, 1885, William Baker became indebted to the appellants in the sum of $10,000 for money loaned, under representations grossly fraudulent, made by him to the appellants, and on the 31st of the same month failed in business.

The certificate of shares in the Journal of Commerce Company was a forgery. On the 22d of January, 1886, an attorney of the appellants went on their behalf to Iowa, where Kretsinger was, and Kretsinger sold to the attorney the certificate of shares and the policy for the amount of $612.10, and delivered to the attorney a bill of sale of them and assigned the note to him. The attorney on the next day made a like transfer for a consideration named of $785.80 to the appellants. The case turns on the validity of this sale by Kretsinger. It is said in support of it, that when the fact that the certificate of shares was a forgery became known to Kretsinger, he was entitled to act under the power of sale.

It is not shown that the appellee participated in, or in the proceeds of, the fraud practiced upon the appellants by the deceased, or that she had any knowledge of the forgery of the certificate of shares.

The position of the appellants is, that if the securities pledged were not in fact what they purported to be, but were something of less value, that was a depreciation. "Depreciating" as used in the power, is the present participle of the verb depreciate, used intransitively, which verb, as defined by Webster, means " to fall in value; to become of less worth; to sink in estimation." As used in the power it applied only to what might happen in the then future.

What remedy Kretsinger might have had, if he had rescinded the contract on account of the fraud of William Baker, by assumpsit for money had and received, as the note was given for money loaned, or by special action on the case, it is not

necessary now to inquire. If, instead of rescinding, he claimed under the contract, he took it as it was written. He could make no sale except upon the happening of an event specified in the power. The power was not enlarged by the fraud.

It is the same principle as applies where a vendee of goods procures a sale by fraud upon credit. Assumpsit for goods sold and delivered will not lie before the credit expires, for the vendor adopting the contract of sale adopts its terms. 1 Chitty on Cont. 570, and cases therein cited.

So a principal who adopts the unauthorized act of an agent adopts the whole of it. Morris v. Tillson, 81 Ill. 607; Story on Agency, Sec. 250, and cases there cited. The cases are very numerous that hold, either by express words, or necessary implication, that a power conferred upon the party adverse in interest, or upon a third person who acts at the instance of such party, must be strictly pursued. The rule has been applied to judgment notes, mortgages and trust deeds with power of sale, and to pledges. Waterman v. Jones, 28 Ill. 54; Waite v. Dennison, 51 Ill. 319; Flower v. Elwood, 66 Ill. 438; Union T. Co. v. Rigdon, 93 Ill. 458; Keith v. Kellogg, 97 Ill. 147. There are too many cases upon the subject, even in this State, to attempt a reference to all of them.

Holding, then, that the power only applied to events then in the future, that the fraud of the deceased did not enlarge the contract or the remedy upon it, it follows that the sale by Kretsinger was unauthorized, and that the utmost claim the bank has upon the fund which accrued from the policy, is to be subrogated to Kretsinger's position, holding the policy as security for the payment of the $600 note and interest.

The case came into the Superior Court on a bill of interpleader filed by the insurance company, to which the parties to this appeal were defendants.

The money due on the policy was paid into court and the decree gives to the appellants the amount of the $600 note and interest, with their costs, and the residue to the appellee. There is no error in the decree and it is affirmed.

<em>Decree affirmed.</em>

Judge GARNETT, having tried this case in the Superior Court, takes no part in the decision.