## GREGORY VIGEANT
### v.
## D. B. SCULLY.

*Master and Servant—Architect—Negligence Of—Failure to Properly Superintend—Defective Wall—Res Adjudicata—Damages.*

1. The release of one of two joint wrongdoers, or the receiving of satisfaction from one of them, is a release or satisfaction as to both.
2. A party injured by the joint wrong of several persons may elect to treat it as the separate act of each, but there can be but one satisfaction therefor.

3.  In an action for damages alleged to have arisen through the negligence of an architect in failing to properly supervise the construction of certain buildings, this court holds that the verdict for the plaintiff in an action heretofore brought by the contractor whose work was claimed to have been defective, to recover from the plaintiff an amount alleged to be due, precludes recovery by the latter in the case presented.

[Opinion filed December 2, 1889.]

In error to the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Messrs. Young & Makeel, for plaintiff in error.

Mr. Arnold Tripp, for defendant in error.

Garnett, J.   This case, under the same title, was before this court at a former term, the opinion disposing of the points then raised being in 20 Ill. App. 437.   A new trial having occurred in the Superior Court, resulting in a judgment against Vigeant, the defendant, the record is again brought here for review.   The action is in case to recover damages caused by the neglect of Vigeant, an architect, to properly superintend the erection of certain buildings for Scully.   One Kaiser was employed by Scully to execute the mason work in the buildings, and it is not disputed that by the terms of his employment the defendant was to superintend the work of Kaiser, or that it was his duty to exercise reasonable care and skill in that respect.   It appears by the evidence that shortly after the completion of the work, the dwarf walls erected by Kaiser began to show indications of sinking and giving way, and the trouble continued until the buildings were damaged to a large amount.   Whether the damages were caused by imperfect construction of the dwarf walls is a point upon which there was much conflicting evidence; but Scully claimed that the dwarf walls were inherently defective, and were allowed to be so constructed through the negligence of the defendant.   Finding the buildings were settling and cracking, the defendant refused to give Kaiser a final certificate of com-

pliance with his contract, and thereupon Kaiser brought suit
against Scully to recover the balance claimed to be due him
for work and materials under his contract.   On a trial of that
case in the County Court, a verdict was rendered in Kaiser's
favor, judgment was entered on the verdict and Scully paid
the amount thereof to Kaiser.

That this was *res adjudicata* between Scully and Kaiser as to
the alleged neglect of Kaiser is beyond question.   There is no
evidence tending to show that Kaiser's recovery was based
upon anything short of a full performance of his contract, and
we must therefore presume that he established, to the satisfac-
tion of the jury, a complete performance.   If Scully should
now sue Kaiser for damages, caused by his neglect in building
the dwarf walls, the former judgment would be interposed as
a bar.   "Whenever a plaintiff seeks to recover for some matter
which he might have presented in a former action against
himself as the foundation for a claim in the nature of a cross-
action for damages, the test of his right to recover in the
second action, after having waived his cross-claim in the first,
is, can all the facts necessary to support the judgment rendered
against him exist at the same time with the facts necessary to
support the cross-claim sought to be enforced in the second
suit?   But if, in order to recover in the first action, the
plaintiff must have shown the falsity of the allegations made
by the defendants in the second suit, then the former judgment
is a bar.   Thus, if the plaintiff sue upon a contract to do cer-
tain work upon his part, alleging a full performance, and
claiming the price stipulated by the contract, his recovery
depends upon a full compliance with his agreement, and
estops the defendant from afterward contending that he sus-
tained any damages from a non-fulfillment of the contract."
Freeman on Judgments, Sec. 282; 1 Herman on Estoppel,
Sec. 231; Davis v. Tallcot, 12 N. Y. 184; Blair v. Bartlett, 75
N. Y. 150.

The point is now urged by the plaintiff in error, that as the
damages for which the plaintiff seeks to hold him liable are
precisely the same for which Kaiser was liable (if they were
caused as alleged by plaintiff), the judgment in the County

Vigeant v. Scully.

Court is a bar to this action. If the injury had been caused by the joint negligence of Vigeant and Kaiser, there would be no difficulty whatever in yielding this point, because it is established law that the release of one of two joint wrongdoers, or satisfaction received from one, is a release or satisfaction as to all. Cooley on Torts, 138, 139; Turner v. Hitchcock, 20 Iowa, 310; Gilpatrick v. Hunter, 24 Me. 18; Ellis v. Bitzer, 2 Ohio, 89; Metz v. Soule, 40 Iowa, 230; Ayer v. Ashmead, 31 Conn. 447; Karr v. Barstow, 24 Ill. 580; Bronson v. Fitzhugh, 1 Hill, 185.

The case last named gives as the reason of the rule, that "after satisfaction, although it moved from only one of the tort feasors, no foundation remains for an action against any one. A sufficient atonement having been made for the trespass, the whole matter is at an end. It is as though the wrong had never been done."

In Gilpatrick v. Hunter, the court said : "The difficulty in maintaining the suit against the other is, that the law considers that the one who has paid for the injury occasioned by him, and has been discharged, committed the whole trespass and has occasioned the whole injury, and that he has therefore satisfied the plaintiff for the whole injury which he received."

It is also true that the party injured by the joint wrong of several persons, may elect to treat it as the separate act of each. But, "if the plaintiff elects to fix a several liability upon them, yet he can have but one satisfaction, for the reason that the injury is single and indivisible, and can not be apportioned into parts." Turner v. Hitchcock, *supra.* Assuming that these authorities give true expression to the law, they at least furnish a strong analogy for application to the case before us. Here is a wrong for which two persons are severally, and not jointly, amenable. One of them makes complete reparation. Can the injured party demand anything more from the other tort feasor ? The foundation for such a demand would seem to be removed. One atonement is all the law exacts. That having been made, " it is as though the wrong had never been done." Those who have acted separately in committing the injury, can be in no worse situa-

tion than they who, having acted jointly, are, by the election of the injured person, made separate trespassers. This analogy is distinctly recognized by the reasoning of the court in Newman v. Fowler, 37 N. J. 89. That was a suit by the owner of certain premises against his architect, to recover damages for defective workmanship and materials permitted by the defendant in the building which the plaintiff employed him to oversee. The plaintiff retained in his hands a part of the price agreed to be paid for the construction of the house, which the defendant insisted upon as a satisfaction, at least to that extent of the damages. The court said : " It must be admitted that, in a suit by the contractor for the residue of the contract price now withheld by the plaintiff, it would be competent to show, in diminution of the contract price, that the building has not been built in the manner stipulated. * * * And if such action had been brought. and such defense had been interposed, and it had prevailed, it seems to me that the present action would have been barred. The reason is that, although the person wronged by the negligence of two persons can bring his action against both, or either, still he can not require a double satisfaction."

The same principle is recognized in 1 Herman on Estoppel, Sec. 152; Crow v. Bowlby, 68 Ill. 23; Kinnersley v. Orpe, 2 Douglas, 517; Emery v. Fowler, 39 Me. 326; Green v. Clarke, 12 N. Y. 343; L. S. & M. S. R. R. Co. v. Goldberg, 2 Ill. App. 228.

If the plaintiff in this case was entitled to any damages, it was his duty to insist upon them in the suit brought by Kaiser. The adjudication in that case has the same effect as a payment and satisfaction made by Kaiser to Scully. The benefit of the principle here announced was sought by appellant in the fifth instruction requested in his behalf, but the court erroneously introduced therein a material modification that destroyed the effect which might have been anticipated from the instruction as requested. The judgment is reversed and the case remanded.

*Reversed and remanded.*