## Samuel H. Kahn
### v.
## Joseph Wolf.

*Joint Wrong-doers—Satisfaction by One.*

An employer left with his bookkeeper checks payable to his order to be used in his business, and the bookkeeper wrongfully indorsed one to appellant, but subsequently replaced the amount to the former's credit; this court holds that such act of the bookkeeper extinguished appellant's liability to the employer.

[Opinion filed March 19, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Samuel P. McConnell, Judge, presiding.

Messrs. S. O. Levinson and Jacob Newman, for appellant.

Mr. M. Salomon, for appellee.

Gary, J.  Wolf, being in business, had a bookkeeper named Hyams, and being about to go to St. Louis, left checks, signed by himself, payable to the order of Hyams, to be used in his business.  While Wolf was gone Hyams filled up one for the sum of $200, and indorsed it to Kahn; whether as payment of a debt of Hyams, received by Kahn in good faith, or as a loan from Hyams, we do not deem it necessary to inquire.  If the former, Wolf never had a cause of action against Kahn.  Tiedeman, Com. Pap., Sec. 283.  If the latter, it was a loan by Hyams, and a joint tort by him and Kahn, which tort Wolf might waive and sue for money loaned or had and received; but before Wolf found out that Hyams had used the check, Hyams had replaced the money in bank to Wolf's credit, and he has the benefit of that payment.  It is clear that Hyams intended that replacing of the money should be in payment of the amount of the check.  He charged the check and credited the payment to himself on the books of Wolf, and Wolf keeps the money, so far as this case is concerned.

True, that after this suit was commenced, he paid the person of whom Hyams borrowed the money which he replaced.  He was under no obligation, legal, equitable or moral to do that, and the act is wholly without significance in this case.  Considered as a loan made to Kahn through Hyams' wrong, Wolf could not repudiate repayment of the loan through the same agency by which it was made.  Nat. Bk. Ill. v. Baker, 27 Ill. App. 356.  If the suit be as for a loan, it is a ratification of the conduct of Hyams.  Bailey v. Partridge, 134 Ill. 188.  And if it be for the wrong done,

satisfaction by Hyams is satisfaction for Kahn. Vigeant v· Scully, 35 Ill. App. 44. The suit may be of either character' Wolf having sued Kahn before a justice, and the case is what the evidence required. Steele v. Hill, 35 Ill. App. 211; Block v. Blum, 33 Ill. App. 643.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*