### West Chicago St. R. R. Co. v. Alfred Anderson.

1. RAILROADS—*Liability for Negligence When Permitting Another Company to Use Its Track.*—In this State when an injury results from the negligent operation of a railroad company, whether by the company to which the franchise is granted or by another company which it permits to use its tracks, the company owning the tracks and franchise is liable.

2. SAME—*Theory upon Which the Rule is Based.*—The theory upon which the rule is based is that the company which is permitted to use the tracks of another company is regarded, in so using the same, as the acting servant or agent of the owner company.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed, with a finding of facts. Opinion filed May 23, 1902.

Statement.—Alfred Anderson brought suit in the Superior Court against the West Chicago Street Railroad Company to recover from it compensation for injuries received by him from the defendant company, through its alleged negligence. In his declaration he set forth that the 24th of May, 1898, the defendant " was possessed of and was operating, by means of a lease or otherwise, a certain line of street railway, commonly known as the Cicero and Proviso Street Railway, together with the street cars being

operated thereon, in the city of Chicago, on Chicago avenue, near Forty-ninth street;" that it " was the duty of said defendant to so manage and control its said street cars, that persons rightfully traveling across or along. said Chicago avenue might not be subjected to any unnecessary danger or hazard thereby." The plaintiff then avers " that the said defendant, on, to-wit, the 24th day of May, 1898, through its negligence, then and there failed to discharge its duty toward him (the plaintiff) in that behalf."

To this declaration the defendant, appellant herein, filed its plea of not guilty. A trial was had, resulting in a finding by the jury of the issues for the plaintiff and assessing his damages at $1,250, for which sum judgment was entered against the defendant, and from which it appeals.

It appeared from the testimony on behalf of the plaintiff that at the time of the accident in question, the defendant, the West Chicago Street Railroad Company, was running its cars over the line, under an agreement with the Cicero and Proviso Street Railway Company, which was, in effect, a lease of the road. That the car which struck the plaintiff's wagon belonged to the West Chicago Street Railroad Company is conceded.

Appellant, by way of defense, offered in evidence the record of a suit theretofore brought in the Superior Court of Cook County by Alfred Anderson against the Cicero and Proviso Street Railway Company, wherein and whereby the plaintiff in that suit sought to recover from the Cicero and Proviso Street Railway Company for damages sustained by Anderson by reason of the negligence of the Cicero and Proviso Street Railway Company. The declaration in said suit against the Cicero and Proviso Street Railway Company alleged that " on the 24th day of May, 1898, in the city of Chicago, in the county of Cook, in the State of Illinois, the defendant was the owner and possessed of a certain line of street railway, and the cars being operated thereon, on West Chicago avenue, near Forty-ninth street, in said city," and that " it then and there became and was the duty of the said defendant to so. manage and control its said cars, then and there, that persons rightfully passing upon and along

the said Chicago avenue, with their teams and wagons, might not be subjected to any unnecessary danger or hazard thereby." The declaration then averred that the evening of the 24th of May, 1898, the plaintiff was passing along and upon said Chicago avenue, and then and there, "through the gross negligence of the said defendant, by its servant then and there, the said wagon was run against and upon with great force and violence, and broken by the said street car, and the said plaintiff * * * was thrown from the said wagon then and there," and received great and serious injuries. It is conceded that this injury was, in fact, the same injury alleged in the suit at bar to have been caused by the West Chicago Street Railroad Company.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

W. P. BLACK and A. B. CHILCOAT, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

In this State when injury results from the negligent operation of a railroad, whether by the corporation to which the franchise is granted or by another corporation or other corporations which the proprietary company authorizes or permits to use its tracks, the company owning the railway tracks and franchise is liable therefor.

The theory upon which this rule is based is that the company which is permitted to use the tracks of another company is regarded, in so using, as the acting servant or agent of the owner company. Pennsylvania Co. v. Ellett, 132 Ill. 654, 659; Chicago & Erie R. R. Co. v. Meech, 163 Ill. 305, 308.

Appellee might, in the first instance, have brought suit against the West Chicago Street Railroad Company, as he did against the Cicero and Proviso Street Railway Company, or he might have brought his action against the two jointly; thus he might have had a recovery against either or both.

Under the law the alleged negligence was that of both companies. Having sued the Cicero and Proviso Company

West Chicago St. R. R. Co. v. Anderson.

and been defeated in his action against it, can the plaintiff sue and recover against the West Chicago Company?

All of the evidence as to the injury and alleged negligence admissible in one case was admissible in the other; unless a recovery could be had against the Cicero and Proviso Company, the principal, none could be obtained against the West Chicago Company, the agent, for doing only that which it was authorized by its principal to do. Emery v. Fowler, 39 Maine, 326–338.

In Pennsylvania Co. v. Ellett, the Supreme Court say:

" It follows, therefore, that no other negligence than that of the company or corporation permitted or authorized by the owner company to use its railway, need be alleged or proved to fix the liability of the owner."

The evidence given in the action against the West Chicago Street Railroad Company might have entitled the plaintiff to a recovery against its lessor, the owner company.

Actions of trespass may be maintained against all or each of several joint trespassers. The plaintiff may begin and prosecute as many actions as there were trespassers. But if the cause of action in trespass against A, arise entirely out of his conduct as the agent of B, a judgment in favor of B, in an action against him for such conduct of his agent, may be pleaded in bar by A. Wells on Res Judicata, Sec. 63; Castle v. Noyes, 14 N. Y. 329–333; Goodrich v. Hanson, 33 Ill. 499–508; King v. Chase, 15 N. H. 9; Chicago & R. I. Ry. Co. v. Hutchins, 34 Ill. 108; Atkinson v. White, 60 Maine, 396–399; Vigeant v. Scully, 35 Ill. App. 44; Louisville, N. A. & C. Ry. Co v. Carson, 169 Ill. 247–251.

The judgment in favor of the principal (Cicero and Proviso Co.) was properly set up as a bar to the action against the servant (West Chicago Co.) for the same acts and the same injury.

The court should have instructed the jury to find for the defendant.

The judgment of the Superior Court will be reversed with a finding of facts.

Reversed, with finding of facts.