William D. BEETLER, d/b/a Klein's Beauty Salon and Sandra Roehm Moore, Plaintiffs-Appellants,

v.

ZOTOS, a Division of Sales Affiliates, Inc., a corporation, Defendant-Appellee.

No. 16131.

United States Court of Appeals Seventh Circuit.

Dec. 14, 1967.

Rehearing Denied Jan. 29, 1968.

John E. Cassidy, Jr., Cassidy, Cassidy, Quinn & Lindholm, Peoria, Ill., for plaintiffs-appellants, Jack Cassidy, Peoria, Ill., of counsel.

Lyle W. Allen, Heyl, Royster, Voelker & Allen, Peoria, Ill., for defendant-appellee, Gary M. Peplow, Peoria, Ill., of counsel.

Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiffs-appellants, William D. Beetler and Sandra Roehm Moore, instituted this action in an Illinois state court seeking to recover from Zotos, a division of Sales Affiliates, Inc., the defendant-appellee,[1] monies the plaintiffs paid to satisfy a judgment against them awarded to Joanne L. Horan. The action was removed to the District Court on the ground of diversity of citizenship. The summons issued from the state court had been served on the defendant, a New York corporation, at its New York office by a New York deputy sheriff. The service was made in reliance upon the applicability of the out-of-state service provisions of Ill.Rev.Stat.1965, ch. 110, § 17. Contemporaneously with its petition for removal Zotos filed a motion to quash the service and the return, and to dismiss the action. The District Court granted the motion and entered a judgment order dismissing the action. Plaintiffs appealed.

The sole contested issue on appeal is the validity of the out-of-state service of summons on the defendant pursuant to § 17(1) (b), the Illinois "long-arm" statute, which insofar as is here pertinent provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State, as to any cause of action arising from the doing of any of such acts:

\*　　\*　　\*　　\*　　\*　　\*

(b) The commission of a tortious act within this State; \* \* \*".

Plaintiffs' complaint was filed on May 20, 1966. It alleges, in substance, that on February 16, 1966, the plaintiffs paid $13,658.04 in satisfaction of an Illinois state court judgment against them awarded to Joanne L. Horan in an action brought by the latter, a patron of plaintiff Beetler's beauty salon, for injuries sustained by her on March 14, 1956, which resulted from the application to her hair of a defective product manufactured by Zotos; that plaintiff Moore, a beauty operator in the employ of Beetler, used the product[2] from and as received in its original package, and in conformity with Zotos' directions and recommendations; that the product was unreasonably dangerous or defective, and that such condition existed at the time it left the control of Zotos; that when used by the plaintiffs the product caused serious and permanent injuries to Joanne L. Horan for which liability was imposed upon plaintiffs as a matter of law, and for which they were found liable and held obligated to pay; and that the injury to Joanne L. Horan and the ensuing damages sustained by the plaintiffs[3] were a result of the alleged condition of Zotos' product.

Zotos' motion to quash and dismiss negates the existence of any contact with Illinois other than the presence of its products which are sent by mail from New York, the state of its incorporation, to beauty supply jobbers in Illinois.[4]

---

1. Sometimes referred to herein as "Zotos".

2. A cold permanent wave solution called "Lustron Instant Peer Wave".

3. The complaint, in addition to the amount paid to satisfy the Horan judgment, alleges and seeks recovery of attorneys' fees, investigation costs, and appeal and printing costs expended in defending the Horan suit. That suit was filed on March 12, 1958; was tried in 1964; affirmed on appeal October 6, 1965 by the Appellate Court of Illinois for the Third District, rehearing denied November 9, 1965; and petition for leave to appeal denied by the Supreme Court of Illinois on January 20, 1966.

4. The complaint and the motion to quash, together with the affidavit in support of the motion, present nothing which on its face establishes that the maintenance of the suit in Illinois will offend "traditional notions of fair play and substantial jus-

The District Court filed an opinion in which it appears to have grounded its judgment on its conclusions that Zotos did not commit a tort against the plaintiffs on February 16, 1966, the date plaintiffs satisfied the Horan judgment against them, and that if plaintiffs' action is construed "as indemnity, rather than tort" § 17(1) (b) does not authorize the out-of-state service of summons here made. In this connection the court refers to Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, and to Insull v. New York World-Telegram Corporation, (N.D.Ill.E.D.) 172 F.Supp. 615.

In Nelson v. Miller, supra, it is said (11 Ill.2d 378, at p. 393, 143 N.E.2d at p. 681):

It is unnecessary to interpret section 17(1) (b) as conferring jurisdiction only where the defendant's conduct in the State gives rise to liability to the plaintiff in tort. A similar question was considered by the Vermont court in Smyth v. Twin Cities Improvement Corp., 116 Vt. 569, 80 A.2d 664, 25 A.L.R.2d 1193 (1951). The statute there involved confers jurisdiction if the defendant 'commits a tort' within the State. The trial court had dismissed the action on the ground that the complaint did not allege the requisite jurisdictional facts. The Supreme Court of Vermont reversed, finding that the complaint was sufficient to state a cause of action in tort. Clearly, the Vermont court was of the opinion that the jurisdictional requirements of such a statute are met when the defendant, personally or through an agent, is the author of acts or omissions within the State, and when the complaint states a cause of action in tort arising from such conduct. We adopt that view.

In *Insull* it is observed (172 F.Supp. 615, at p. 631):

The Illinois Supreme Court has specifically considered the burdens put upon a non-resident defendant who appears specially to contest Section 17(1)

(b) submission jurisdiction. Nelson v. Miller, supra, 11 Ill.2d at pages 391–395, 143 N.E.2d 673, 680. That court rejected the contention that the issue is 'whether upon the facts the defendant is liable to the plaintiff as a matter of substantive law'. The test, then, is not whether 'all of the elements that combine to spell ultimate liability in tort are present.' Rather, the court said, the 17(1) (b) jurisdictional requirements are met (1) 'when the defendant, personally or through an agent, is the author of acts or omissions within the State,' and (2) 'when the complaint states a cause of action in tort arising from such conduct.'

On the basis of these cases the court concluded that the cause of action asserted must be in tort before a non-resident defendant can be properly served under § 17(1) (b).

And in this connection Zotos urges that inasmuch as the plaintiff's action against it is a suit for indemnity it does not qualify for service of summons pursuant to § 17(1) (b) for the reason that a right to indemnity and the obligation to indemnify springs from contract, either express or implied—rather than from tort.

■ But it has been long recognized that an indemnitee, where he seeks to recover for damages paid for injuries caused by the negligent or wrongful act of the indemnitor, may proceed by action ex delicto, as by an action on the case—a tort action. 42 C.J.S. Indemnity § 28, p. 609; Pennsylvania Steel Co. v. Washington & Berkeley Bridge Co., (D.C.W.Va.) 194 F. 1011. Thus, in Chicago v. Robbins, 67 U.S. 418, 17 L.Ed. 298; Robbins v. Chicago, 71 U.S. 657, 18 L.Ed. 427; Severin v. Eddy, 52 Ill. 189; Pfau v. Williamson, 63 Ill. 16; and Gridley v. City of Bloomington, 68 Ill. 47, all actions seeking indemnification for monies paid on a judgment resulting from the negligent act of the person sued as indemnitor, the declaration was in case, a tort action,

tice". Cf. International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95; National Gas

Appliance Corporation v. AB Electrolux, 7 Cir., 270 F.2d 472, 475.

rather than in assumpsit, a contract action.

Here the action alleged in plaintiffs' complaint not only meets the test of § 17(1) (b) that it is one "arising from" an alleged tortious act of Zotos within Illinois (Gray v. American Radiator & Sanitary Corporation, 22 Ill.2d 432, 176 N.E.2d 761) but it meets the further requirement set forth in Nelson v. Miller, supra, that the action is predicated on allegations sounding in tort. This conclusion is reinforced by the rationale of Suvada v. White Motor Co., 32 Ill.2d 612, 621, 210 N.E.2d 182, 187, an action for indemnity against a manufacturer and a supplier of a component part based on product liability in which it was held that such liability is governed by the law of strict liability in tort and is imposed by operation of law as a matter of public policy.

The judgment order appealed from is reversed, and the cause is remanded to the District Court for further proceedings.

Reversed and remanded.