[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS THIRD-PARTY COMPLAINT (MOTION #130)
The third-party defendant, Colleen O'Rourke, has moved to dismiss the third-party complaint brought by the third-party plaintiff, James G. O'Rourke, on the basis this court is not authorized under the long-arm statute, General Statute52-59b, to exercise jurisdiction over her. She also claims that James G. O'Rourke has failed to prove that she has sufficient minimum contacts with this forum for this court to assert jurisdiction over her without violating her rights to due process, as guaranteed by theFourteenth Amendment to the Federal Constitution. Because I have concluded that this CT Page 3329 court is not authorized to exercise jurisdiction under52-59b, I have granted the motion to dismiss.
James G. O'Rourke has been sued by Veronica and Richard Kascak for injuries Veronica sustained when she fell on premises in Milford, Connecticut. The premises are owned by James G. O'Rourke. He has filed a third-party complaint against Colleen O'Rourke seeking indemnification from her for any amount he may become obligated to pay to the Kascaks. His third-party complaint is dated March 18, 1990.
My analysis of Colleen O'Rourke's challenge requires a two-step process. First, I must determine whether the Connecticut long-arm statute authorizes the exercise of jurisdiction under the particular facts of this case. Only if personal jurisdiction attaches under the statute do I reach the question of whether it would offend due process to exercise jurisdiction. United States Trust Co. v. Bohart,197 Conn. 34, 38 (1985); Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250 (1983). Colleen O'Rourke is a non-resident. Because she was served in accordance with 52-59b(c) of the General Statutes, the burden is on James G. O'Rourke to prove the contested factual issues pertaining to jurisdiction. Standard Tallow Corp. v. Jowdy,190 Conn. 48, 53 (1983). For purposes of this motion, the third-party plaintiff and the third-party defendant have stipulated that the pertinent facts are set forth in paragraphs 1-4 and 6-8 of the Request for Admissions, which pleading is dated July 3, 1990.
James G. O'Rourke asserts that this court is authorized to exercise jurisdiction under sub-paragraphs (1), (2), and (4) of 52-59b(a). The relevant part of this statute is as follows:
 As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) transacts any business within this state; or (2) commits a tortious act within the state . . . ; or (4) owns, uses or possesses any real property situated within the State.
This court's jurisdiction is limited to those causes of action arising out of the acts enumerated in the statute. The first prong of the long-arm statute authorizes this court to assert jurisdiction over a non-resident as to a cause of action arising from the person's transacting business within CT Page 3330 this state. In this particular case, the third-party defendant transacted a real estate business in Connecticut in 1987. The Supreme Court has described the applicable test for determining whether a cause of action arises out of a business transaction within this state as follows:.[W]e do not resort to a rigid formula. Rather, we balance considerations of public policy, common sense, and the chronology and geography of the relevant factors." Zartolas v. Nisenfeld, 184 Conn. 471,477 (1981). After reviewing the stipulation of facts, I have concluded that James G. O'Rourke's cause of action did not arise from Colleen O'Rourke's transaction of business in this state.
The second prong of the long-arm statute authorizes the exercise of jurisdiction over a non-resident as to a cause of action arising out of the commission of a tortious act in Connecticut. The third-party plaintiff seeks indemnification. Since an implied obligation to indemnify is based on equitable principles; Gino's Pizza of East Hartford, Inc. v. Kaplan,193 Conn. 135, 140n (1984); Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412 (1965); it is questionable whether a cause of action for indemnification arises out of a tortious act. Bard v. Bemidji Bottle Gas Co., 23 F.R.D. 299
(1958); Contra. Beetler v. Zotos, 388 F.2d 243 (1967). Whether the claim for indemnification arises out of a tortious act need not now be resolved. I will assume that a claim for indemnification arises out of the commission of a tortious act. After reviewing the short stipulation of facts, I cannot conclude that Colleen O'Rourke has committed a tortious act within Connecticut or has become impliedly obligated to indemnify James G. O'Rourke. The third-party plaintiff has failed to prove the jurisdictional facts necessary to confer jurisdiction under the second prong of the long-arm statute. See Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 416
(1965).
James G. O'Rourke also claims that this court may assert jurisdiction under those provisions of the long-arm statute which relate to a non-resident's owning, using, or possessing real property in Connecticut. Colleen O'Rourke does own property in Southbury, Connecticut. She does not, however, own the property in Milford, Connecticut, where Veronica Kascak was injured. Nor is there any evidence that she owned, used, or possessed the property at the time of Veronica Kascak's injury in 1987. By the terms of 52-59b(a)(4), the cause of action against a non-resident must arise out of the ownership, use, or possession of the real property.
Colleen O'Rourke owned the Milford property prior to the time of the injury suffered by Veronica Kascak. By the time CT Page 3331 of the injury, Colleen O'Rourke had conveyed the property to James G. O'Rourke. A copy of a mortgage deed, which has been attached to the third-party plaintiff's memorandum in opposition to the motion to dismiss, indicates that a mortgage was made by Colleen O'Rourke to a savings bank and that the mortgage was released by the bank after Veronica Kascak was 3 injured. Apparently, Colleen O'Rourke conveyed the property to James G. O'Rourke subject to the mortgage. The circumstances surrounding the mortgage do not prove that Colleen O'Rourke owned, used, or possessed the property at the time of the injury. Nor do the circumstances prove that James G. O'Rourke's cause of action arose out of such ownership, use 3 or possession. This prong of the long-arm statute does not confer jurisdiction on the court.
For the foregoing reasons, I have concluded that the long-arm statute does not confer jurisdiction over Colleen O'Rourke. Since personal jurisdiction does not attach, I do need not address the due process issue.
The Motion to Dismiss is granted.
GEORGE N. THIM, JUDGE